ALLENS CREEK/CORBETTS GLEN PRESERVATION GROUP, INC.; Jean Baric; Kevin Parker; Evan J. Felty; Gloria R. Felty; Matthew Geherin; Betsy Geherin; Dominic Galliani; Rita Galliani; Andrea Diciaccio; Judy Diciaccio; William Enright; Chester Wilday; Berla Wilday; Jennifer Cielinski; Jack Simms, Plaintiffs–Appellants,

v.

Togo B. WEST, as Secretary of the United States Army; United States Army Corps of Engineers; United States of America; Linden Associates, Linden Associates, LLC, Defendants–Appellees.

No. 00–6133.

United States Court of Appeals, Second Circuit.

Jan. 31, 2001.

David J. Seeger, Buffalo, NY, for appellants.

Linden Associates and Linden Associates, LLC: Paul D. Sylvestri, Harter, Secrest & Emery LLP, Rochester, NY, for appellees.

Togo B. West, United States Army Corps of Engineers, and United States of America: John T. Stahr, U.S. Department of Justice, Lois J. Schiffer, David C. Shilton, Michael D. Rowe, of counsel, Washington, DC, for appellees.

Present SACK, SOTOMAYOR and KATZMANN, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

The plaintiffs-appellants appeal from a March 22, 2000 order of the district court granting summary judgment to the defendants-appellees on the ground of laches. *See Allens Creek/Corbetts Glen Preservation Group, Inc. v. Caldera*, 88 F.Supp .2d 77 (W.D.N.Y.2000).

This case arises from a dispute over the development of a twenty acre parcel of land, formerly the site of an abandoned sewage treatment plant, on the boundary between the towns of Brighton and Penfield, New York. In January 1994, defendants Linden Associates and Linden Associates LLC (collectively "Linden") requested approval from Penfield's Planning Board for a project to construct a two-story, 54,000 square-foot light industrial building on one of four subdivided lots, along with parking spaces, landscaping, lighting, and walkways. The plaintiffs, several of whom reside near the site, opposed the development, asserting that it would involve unlawfully filling in wetlands. They have participated in several environmental reviews and other proceedings since 1994, including the State Environmental Quality Review Act process, three Article 78 actions in New York state court challenging the Planning Board's determination under the Act, and the proceeding in which Linden obtained authorization from the Army Corps of Engineers.

In May 1994, Linden sought a ruling by the Corps that its proposed project qualified for approval under a nationwide permit issued pursuant to the Clean Water Act, 33 U.S.C. § 1344(e). Despite the plaintiffs' objections, the Corps agreed on July 23, 1997 that the nationwide permit applied to Linden's project, conditioned on Linden's construction of a stormwater wetland management system and Linden's donation of $44,000 for the development of wetlands at another location. The Corps authorized the commencement of construction at any point between August 7, 1997 and December 13, 1998 and sent a copy of its decision to plaintiff Jean Baric, who is a member of plaintiff Allens Creek/Corbetts Glenn Preservation Group, Inc. At a pre-construction meeting in January 1998 attended by two of the plaintiffs, a construction schedule, which indicated that work on the wetlands would begin in February 1998 and end in April 1998, was distributed.

The plaintiffs filed this suit on March 30, 1998, more than eight months after the

Corps' authorization, but did not complete service on all of the defendants until April 22, 1998. At that time, the existing wetlands had been filled and the new stormwater wetland system was ninety-five percent complete. The plaintiffs' complaint alleges that (1) the project required an individual permit under the Clean Water Act, 33 U.S.C. § 1344, rather than authorization pursuant to a nationwide permit; (2) the authorization under the nationwide permit was arbitrary, capricious, and unlawful because the New York water quality certification necessary to obtain such a permit was based on a materially different plan; and (3) the authorization under the nationwide permit was based on an arbitrary and capricious decision by the District Engineer of the Corps that the project would have a minimal environmental impact. The complaint sought relief in the form of (1) a declaratory judgment that authorization under the nationwide permit is null and void; (2) preliminary and permanent injunctions preventing Linden from placing fill in the wetlands; and (3) litigation costs and fees.

After filing suit and serving the defendants, the plaintiffs did not move for a preliminary injunction or for summary judgment. The defendants moved for summary judgment in November 1998 arguing that the action was barred by laches, and the plaintiffs responded in May 1999, more than five months after the deadline established by the district court. The plaintiffs also failed to file a statement of facts in dispute as required by Local Rule 56.

The district court granted the motion, holding that the plaintiffs' unreasonable delay prejudiced the defendants because, *inter alia*, the projects were "virtually complete"; "[c]onstruction ... ha[d] progressed well beyond the preparatory stage"; "[t]he landscape ha[d] been sub-

stantially and irreversibly altered"; the "wetlands had been filled and the new drainage system had been nearly completed"; and Linden had spent substantial amounts of money. *Allens Creek/Corbetts Glen Preservation Group, Inc.,* 88 F.Supp.2d at 84. The plaintiffs now appeal.

The standard of review applicable to a grant of summary judgment based on laches is unsettled in this Circuit. *See Ikelionwu v. United States,* 150 F.3d 233, 236–37 (2d Cir.1998) (discussing conflicting authority). We need not resolve this issue, however, because we would uphold the district court's judgment under either *de novo* or abuse of discretion review.

 "Laches is based on the maxim, '*vigilantibus non dormientibus aequitas subvenit,*' meaning 'equity aids the vigilant, not those who sleep on their rights.'" *Id.* at 237 (quoting *Ivani Contracting Corp. v. City of New York,* 103 F.3d 257, 259 (2d Cir.1997)). The equitable defense of laches bars an equitable claim where the plaintiff has unreasonably and inexcusably delayed, resulting in prejudice to the defendant. *See id.; Ivani,* 103 F.3d at 259. To prevail on this defense, the defendant must show that: "(1) the plaintiff knew of the defendant's misconduct; (2) the plaintiff inexcusably delayed in taking action; and (3) the defendant was prejudiced by the delay." *Ikelionwu,* 150 F.3d at 237.

 The plaintiffs do not dispute that they had knowledge of the defendants' plans for development as early as 1994 and of the Corps' authorization—the final requirement for commencement of work on the site—in late July 1997. Nor do the plaintiffs dispute that they delayed by (1) waiting eight months after the Corps' authorization, when the wetlands work was nearly completed, before challenging the authorization in court; and (2) never mov-

ing for a preliminary injunction to prevent the work, even after filing suit.

With respect to prejudice, we agree with the district court that at the time of the filing of suit Linden had "expended considerable time, effort, and money in reliance on the governmental approvals of its plans." *Allens Creek/Corbetts Glen Preservation Group, Inc.*, 88 F.Supp.2d at 84. As of November 1998, when Linden moved for summary judgment, Linden had spent approximately $1 million on the project, including nearly $115,000 on the stormwater wetland system and on filling the wetlands. In addition, Linden had donated $44,000 to an offsite wetlands project. Although the plaintiffs are correct that laches should "be invoked sparingly in environmental cases because the plaintiff[s][are] not the only part[ies] to suffer harm by alleged environmental damage," *Neighbors of Cuddy Mountain v. U.S. Forest Service,* 137 F.3d 1372, 1381 (9th Cir.1998) (noting that this proposition has unanimous support in the other circuits), we conclude that the plaintiffs' delay is sufficiently unreasonable and that the prejudice to the defendants is sufficiently severe to warrant the application of laches in this case.[1]

Having failed to take the necessary steps to secure the relief they sought in their complaint (i.e., an injunction against filling the wetlands), the plaintiffs now argue that certain less intrusive forms of relief can still be granted without serious harm to the defendants. The plaintiffs suggest that the fill not beneath the building can be removed; that the Corps can issue an after-the-fact individual permit; and that the water quality certification can be modified for the purpose of reducing the discrepancies between the certification

and the plans approved by the Corps. None of these remedies were requested in the plaintiffs' complaint. In addition, with respect to removing the fill that is not situated beneath the building, we think the cost of removing the fill, the cost of originally filling those wetlands and creating an alternative wetlands system, and the disruption of the project as a whole are sufficient to constitute prejudice to the defendants and therefore bar that remedy under the doctrine of laches as well. With respect to the second and third alternative forms of relief, we do not see how they would remedy an alleged harm to the environment. At most, they would require the state and federal agencies to expend time and effort going through the formality of issuing new pieces of paper approving the project.

Finally, the plaintiffs argue that their lawsuit is not just a suit under the Administrative Procedure Act for review of the Corps' granting of a permit, but it is also a suit analogous to a citizen suit under the Clean Water Act, 33 U.S.C. § 1365(a). For the reasons set forth by the district court, this argument is without merit. *See Allens Creek/Corbetts Glen Preservation Group, Inc.,* 88 F.Supp.2d at 85–86.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.

---

1. We note, however, that while the district court suggested that dismissal would be warranted based on the plaintiffs' pre-filing delay even absent their significant post-filing delay, our affirmance of the dismissal is based on the combined delay both pre and post-filing and the prejudice to defendants resulting therefrom.